IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00037-CV

 

Multi-County Water Supply Corporation,

                                                                                    Appellant

 v.

 

City of Hamilton, Texas, William "Bill" 

Funderburk, Betty Jenkins, Grant Lengefeld, 

Roy Rumsey, Mike Collett, Bradley Haile, 

Cody Lee, Mark Dudding and Helen Townsend,

                                                                                    Appellees

 

 



From the 220th District
Court

Hamilton County, Texas

Trial Court No. CV-08810

 



ORDER OF REFERRAL TO MEDIATION










 

            Appellant, Multi-County
Water Supply Corporation, requests in its docketing statement that this appeal be
mediated.

            The Legislature has provided
for the resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (West 2005).  The
policy behind ADR is stated in the statute: “It is the policy of this state to
encourage the peaceable resolution of disputes . . . and the early settlement
of pending litigation through voluntary settlement procedures.”  Id. §
154.002 (West 2005).  Mediation is a form of ADR.  Mediation is a mandatory but
non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

            We find that this appeal is
appropriate for mediation.  See id. § 154.021(a) (West 2005); 10th Tex. App. (Waco) Loc. R. 9.

            The parties are ordered to
confer and attempt to agree upon a mediator.  Within fourteen days after the
date of this Order, Appellant is ordered to file a notice with the Clerk of
this Court which either identifies the agreed-upon mediator or states that the
parties are unable to agree upon a mediator.  If the notice states that the
parties are unable to agree upon a mediator, this Court will assign a mediator.

            Mediation must occur within
thirty days after the date the above-referenced notice agreeing to a mediator
is filed or, if no mediator is agreed upon, within thirty days after the date
of the order assigning a mediator.

            No less than seven calendar
days before the first scheduled mediation session, each party must provide the
mediator and all other parties with an information sheet setting forth the
party’s positions about the issues that need to be resolved.  At or before the
first session, all parties must produce all information necessary for the
mediator to understand the issues presented.  The mediator may require any
party to supplement the information required by this Order.

            Named parties must be
present during the entire mediation process, and each corporate party must be
represented by a corporate employee, officer, or agent with authority to bind
the corporate party to settlement.

            Immediately after mediation,
the mediator must advise this Court, in writing, only that the case did or did
not settle and the amount of the mediator’s fee paid by each party.  The
mediator’s fees will be taxed as costs.  Unless the mediator agrees to mediate
without fee, the mediator must negotiate a reasonable fee with the parties, and
the parties must each pay one-half of the agreed-upon fee directly to the
mediator.

            Failure or refusal to attend
the mediation as scheduled may result in the imposition of sanctions, as
permitted by law.  

            Any objection to this Order
must be filed with this Court and served upon all parties within ten days after
the date of this Order, or it is waived. 

            We refer this appeal to
mediation.  

            The appeal and all appellate
deadlines are suspended as of the date of this Order.  The suspension of the
appeal is automatically lifted when the mediator’s report to the Court is
received.  If the matter is not resolved at mediation, any deadline that began
to run and had not expired by the date of this Order will begin anew as of the
date the mediator’s report to the Court is received.  Any document filed by a
party after the date of this Order and prior to the filing of the mediator’s
report will be deemed filed on the same day, but after, the mediator’s report
is received.

 

PER
CURIAM

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeal
referred to mediation

Order
issued and filed March 16, 2011